JENNIE L. MILLER, EXECUTRIX, ESTATE OF JOHN L. MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4397.   Promulgated April 27, 1928.

*Wm. T. Beeks, Esq.*, and *T. E. Claypool, Esq.*, for the petitioner.
*Granville S. Borden, Esq.*, for the respondent.

OPINION.

LANSDON : The issue as to whether the cost price or the value of the claims at the date of the death of petitioner's decedent should be made the basis for the computation of the gain or loss must be decided adversely to the petitioner upon the principles laid down in our decision in *Dorothy Payne Whitney Straight*, 7 B. T. A. 177, and that of the United States District Court for the Southern District of New York in *Bankers Trust Co.* v. *Bowers*, 23 Fed. (2d) 941. Cf. *Heiner* v. *Tindle*, 275 U. S. 514.

We are of the opinion that in the computation of profit upon the sale the petitioner is entitled to credit for its expenditures consisting of recording fees $185.80, revenue stamps $75, care, etc. of papers in escrow $25, and attorneys' fees in connection with the sale $3,442.91, amounting in the aggregate to $3,728.77.

> *Judgment will be entered on 15 days' notice, under Rule 50.*